# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1218V

| | |
|---|---|
| HALIM HUSAIN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 8, 2025 |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 6, 2022, Halim Husain filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), which he amended on August 3, 2023. Petitioner alleges that he suffered a shoulder injury related to vaccine administration resulting from a tetanus-diphtheria-acellular pertussis vaccine he received on October 5, 2020. Amended Petition at 1.

Petitioner has now filed a motion for interim attorney's fees and costs, requesting an award of $41,057.31 (representing $40,565.00 in fees plus $492.31 in costs).

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Attorneys' Fees and Costs ("Motion") filed December 19, 2024 (ECF No. 47) ("Motion"). It is occasioned by counsel's withdrawal from the matter due to professional changes. Motion at 2. The Motion also represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 18. (After filing the interim fees motion, counsel filed a motion seeking leave to withdraw (ECF No. 50), which will be addressed separately).

Respondent reacted to the interim fee motion on December 26, 2024, deferring to my discretion whether the statutory requirements for an award of attorneys' fees and costs are met in this case as well as the amount to be awarded (ECF No. 48 at 2).

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

### I. Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be

permitted include: 1) if the amount of fees requested exceeds $30,000.00; 2) where expert costs are requested, if the aggregate amount is more than $15,000.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id.* Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case in light of counsel's withdrawal. I deem the case not to have identifiable reasonable basis issues at this point in the proceedings, and Respondent has not argued to the contrary.

### II. Calculation of Fees and Costs

#### A. Hourly Rates

The hourly rates requested for attorneys Andrew Downing, Ann Allison, and their

associated paralegals for time billed in 2023-24 are reasonable and consistent with our prior determinations and will therefore be adopted herein. However, the 2022 hourly rate requested for attorney Andrew Downing requires adjustment.

Attorney Downing was previously awarded the *lesser* rate of $415.00 per hour for his time billed in 2022. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022); and *Sewell v. Sec'y of Health & Hum. Servs.*, No. 19-1486V, 2023 WL 5054778 (Fed. Cl. Spec. Mstr. July 12, 2023). I find no reason to deviate from such reasoned determination, and hereby reduce his rate accordingly, to be consistent with the aforementioned decisions. **This results in a reduction of attorney's fees to be awarded of $174.00**.[3]

### B. Paralegal Tasks Billed at Attorney's Rate

After reviewing the billing records submitted with Petitioner's request, I find that a few of the tasks performed by attorneys in this matter are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $762.00.**[5]

---

[3] This amount consists of ($445 - $415 = $30 x 5.80 hrs.) = $174.00.

[4] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, cover sheet, joint notices not to seek review, filing medical records, drafting subpoenas for records, and following up on production of records from providers. *See* billing entries dated: 1/6/23 (two entries); 10/15/23; 7/10/24; 8/2/24; 8/27/24. ECF No. 47 at 26-35.

[5] This amount consists of paralegal tasks billed by attorney Allison in 2023: ($415 - $155 = $260 x 1.50 hrs. = $390) plus paralegal tasks billed by attorney Downing in 2024: ($485 - $175 = $310 x 1.20 hrs. = $372) = $762.00. ECF No. 47 at 26-35.

### C. Costs

Petitioner has provided supporting documentation for all claimed costs (ECF No. 47 at 38-54). Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $40,121.31 (representing $39,629.00 in fees plus $492.31 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.